UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS G. HARMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA, acting by and through BUREAU OF INDIAN AFFAIRS,<br><br>　　　　Defendant. | Case No. 4:15-cv-00173-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Defendant's Motion for Entry of Costs (Dkt. 42). For the reasons stated below, the Court will grant the motion in part and deny the motion in part.

## BACKGROUND

Plaintiff Douglas Harmon filed his complaint against the United States on May 21, 2015 asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671, *et seq.* (Dkt. 1). The parties proceeded through discovery, and Mr. Harmon filed a Motion for Summary Judgment (Dkt. 16) on October 3, 2016. The motion was fully briefed, and was argued before the Court on February 3, 2017. On March 24, 2017, the Court entered an order granting the motion in part, and denying it in part. (Dkt. 27). Subsequently, the United States filed a Motion to Dismiss for lack of jurisdiction. (Dkt.

30). On June 12, 2017, the Court granted the motion to dismiss and entered judgment in favor of the United States. (Dkts. 39, 40). The United States timely filed its Motion for Costs on June 23, 2017. After briefing was complete on the motion for costs, Mr. Harmon timely appealed the Court's June 12 decision to the Ninth Circuit. (Dkt. 45).

## LEGAL STANDARD

A United States district court may order the payment of "just costs" in any action that is dismissed for lack of jurisdiction. 28 U.S.C. § 1919. Just costs may include witness fees and fees for printed or electronic copies of deposition transcripts, so long as the transcript is necessary for use in the case. 28 U.S.C. § 1920(2)-(3). "A cost award under § 1919 does not turn on prevailing party status and lies within the sound discretion of the district court." *Otay Land Co. v. United Enterprises Ltd.*, 672 F.3d 1152, 1156 (9th Cir. 2012). To determine whether to award "just costs" under § 1919, "a district court should consider what is most fair and equitable under the totality of the circumstances." *Id.* at 1157. It does so by applying a two-step analysis: First the court must determine whether an award of costs is just and equitable, and, if so, it must determine the appropriate amount of costs to award. *Id*. Although costs may be "justly awarded even absent extraordinary circumstances," the mere fact that a district court may award such costs "does not mean that costs are mandated. *Id*. at 1158. Rather, courts have broad discretion to award costs where doing so is "fair and equitable under the totality of the circumstances." *Id.* at 1159.

# ANALYSIS

The United States asks this Court to award it two separate categories of costs. The Court will address each request separately.

1. **Witness Fees**

The United States seeks to recover as costs witness fees of $40 per person for seven federal employees who were deposed by Mr. Harmon during the discovery phase of this action. *See Def.'s Reply* at 2, Dkt. 44; *Woychick Decl.* Ex. A at 3, Dkt. 42-2. Under § 1821(b), witnesses are entitled to an attendance fee of $40 per day. *See* 28 U.S.C. § 1821(b). Courts have the discretion to allow payment of witness fees for an appearance at a deposition to be taxed as costs, "as long as the deposition appeared reasonably necessary at the time it was taken." *See Alonso v. Union Oil Co. of Cal.*, 71 F.R.D. 523, 525 (S.D.N.Y. 1976) (allowing the plaintiff to tax witness fees for attendance at a deposition).

Here, the witnesses were noticed by the Plaintiff, thus any cost associated with fees paid to them would normally accrue to the Plaintiff. It appears the Plaintiff did not pay the witnesses the statutory fee under § 1821(b). But, the United States does not allege that it paid out witness fees to its employees, and seeks to recoup that cost. Rather, the United States appears to be seeking compensation for making its employees available for the depositions based on the amount those witnesses should have accrued in fees. *See Def.'s Reply* at 2, Dkt. 44 ("the question is whether . . . the United states is eligible and entitled to recover witness fees on behalf of those employees who appeared and testified

in response to Plaintiff's deposition subpoenas."). The United States points to no authority which suggests § 1821 entitles an employer to recover the costs of having employees appear at a deposition. Rather, the plain language § 1821(b) makes clear that such fees "shall be paid" to the witness. 28 U.S.C. § 1821(b).

The United States argues that it is entitled to recover witness fees on behalf of its employees, because those employees are not named parties, nor parties in real interest in this case. *Def.'s Reply* at 3, Dkt. 44. Whether the non-party employees are entitled to witness fees, however, is a separate question from whether the United States is entitled to recover costs in the amount of fees that it did not pay out. The United States cites several cases for the proposition that non-party employees are entitled to witness fees, and the Court does not find otherwise here. However, these cases dealt with the issue of whether a party could recover as costs fees that were actually paid to non-party employees, or expended on their behalf. *See, e.g.*, *Kemart Corp. v. Printing Arts Research Laboratories, Inc.*, 232 F.2d 897, 901 (9th Cir. 1956) ("concerning the witness fees paid officers of appellant corporation"); *El Dorado Irrigation Dist. v. Traylor Bros., Inc.*, No. CIV. S-03-949 LKK/GGH, 2007 WL 512428 at *9 (E.D. Cal. Feb. 12, 2007) (allowing a corporate party to recover costs expended on travel for a non-party employee witness). Here, it appears neither party actually paid the witness fees the United States seeks to recover as costs. While Mr. Harmon may be obligated to pay the individual witnesses the fees they are entitled to under § 1821, the United States is not entitled to recover those fees as costs.

## 2. Deposition Transcript Costs

The expense of obtaining a deposition transcript may be taxed as a cost long as the deposition was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Even where a transcript is necessarily obtained, however, the court must determine whether awarding such costs would be "fair and equitable under the circumstances." *Otay*, 672 F.3d at 1159. Harmon argues that the awarding of costs is not fair under the circumstances of this case, because the United States failed to raise the jurisdictional grounds for dismissal until two years after the action was filed. *Pl.'s Resp.* at 3, Dkt. 43.

Where a party acts improperly to delay raising a jurisdictional defense, with the intent to impose costs on the other party, it would be unfair and inequitable for a court to award costs to that party upon the dismissal of the case. *See Otay*, 672 F.3d at 1158 (explaining the need to deter parties from acting merely to prolong litigation and impose costs on the opposing party). Though the United States did not raise the question of jurisdiction until after the Court decided Plaintiff's motion for summary judgment, there is no evidence that it acted in bad faith, or with the intent to impose costs on the Plaintiff. Rather, as the United States notes, its motion raised a factual challenge to this Court's jurisdiction, which relied in part on the depositions at issue here. *See Def.'s Br.* at 9, Dkt. 30-1. Further, Mr. Harmon also relied on the depositions in his opposition to the motion to dismiss. *See Pl.'s Br.* at 5-6, Dkt. 33 (citing deposition testimony by FHIP personnel). The Court thus finds that the transcripts of depositions were necessarily obtained, and that the United States did not engage in any improper delay, which would render the

award of costs unfair and inequitable. For these reasons, and based on the totality of the circumstances, the costs of obtaining transcripts of depositions noticed by the Plaintiff are "just costs," which shall be awarded to the United States.

The cost of the transcripts does not appear to be in dispute. Having reviewed the government's Bill of Costs and the supporting invoices, *Woychick Aff.* Exs. A-B, Dkt. 42-1, the Court finds that the appropriate cost to award for obtaining transcripts of the depositions taken in this case is $3276.85, which is the amount paid by the United States for the transcripts.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Entry of Costs (Dkt. 42) is **GRANTED IN PART** and **DENIED IN PART** in accordance with the findings set forth above.

DATED: December 5, 2017

B. Lynn Winmill  
Chief Judge  
United States District Court